LAVERNE R. LAUBSCHER ET AL., APPELLANTS AND CROSS-APPELLEES, V. SANITARY AND IMPROVEMENT DISTRICT NO. 20 OF SARPY COUNTY, NEBRASKA, APPELLEE AND CROSS-APPELLANT.

331 N.W.2d 542

Filed March 25, 1983. No. 82-505.

Jay L. Welch, for appellants.

P. F. Render, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an inverse condemnation action brought by the plaintiff property owners against the defendant sanitary and improvement district to recover damages for an alleged taking and damaging of plaintiffs' property resulting from the wrongful construction of a concrete flume without having brought condemnation proceedings or paying compensation.

The District Court determined that there was error in the proceedings because of a failure to comply with Neb. Rev. Stat. § 76-706 (Reissue 1981), and remanded the matter to the county court for further proceedings, with orders that the petition of plaintiffs be adjudged as being filed as of the date of remand at no additional costs to plaintiffs. The plaintiffs have appealed to this court and the defendant has cross-appealed. We reverse.

The record discloses that on February 1, 1982, plaintiffs filed a petition with the county judge of Sarpy County, Nebraska, against Sanitary and Improvement District No. 20 of Sarpy County, Nebraska, alleging that the district had taken and damaged plaintiffs' property by the construction of a concrete flume in 1980 without having instituted condemnation proceedings, and without payment of compensation.

On March 3, 1982, the county judge entered its order appointing three appraisers to appraise the damage to plaintiffs' land. On the same date the county judge issued a notice to condemnor and condemnees, informing the parties that a petition had been filed and that appraisers had been appointed and would qualify and take their oath as required by law on March 30, 1982, at 9 a.m., and proceed to the site for the purpose of inspecting and viewing the property and assessing the damages. The notice also stated that the appraisers would thereafter meet ''at the County Courtroom of Sarpy County, Nebraska at the hour of _____ o'clock _____ .M., on the _____ day of _____, 1982 and receive whatever evidence may be submitted on the matter of damages sustained by the condemnees.''

On March 5, 1982, the sheriff served the notice on Robert Meisinger, clerk of the defendant S.I.D., and Melvin Gilsdorf, chairman of the defendant S.I.D., by leaving copies at the ''usual place of residence'' of each of the individuals.

On March 26, 1982, the defendant filed a document

entitled "Special Appearance" for the purpose of contesting jurisdiction over the person of the defendant. The grounds for the "special appearance" were that the appraisers were not appointed within 3 days from the filing of the petition as required by law; that notice of the time and place of meeting of the board of appraisers to have the damages assessed had not been served upon the defendant; and that the notice was not served upon the defendant in accordance with Nebraska law.

On March 30, 1982, the appraisers were sworn, and they inspected and viewed the premises and heard the evidence and arguments of *all* parties, including the defendant, as to the amount of damages sustained. Thereafter, the appraisers assessed damages against the defendant in the sum of $4,985, and filed their return in the county court on April 9, 1982. The defendant appealed to the District Court.

On June 4, 1982, the defendant filed a motion in the District Court to vacate the return of the appraisers in the county court. The grounds were the same grounds set forth in the "special appearance" of defendant in the county court.

The position of the defendant is that because the county court failed to appoint appraisers within 3 days after the petition was filed and the notice of the proceedings was not served on the defendant in strict accordance with all the requirements of § 76-706, the entire proceedings in the county court were null and void. The defendant makes this claim notwithstanding the fact that it appeared at the proceedings before the board of appraisers, presented evidence, and made argument to the appraisers.

The single question presented by the appeal, then, is whether one who appears at an administrative hearing, gives testimony, and makes argument can thereafter claim the proceeding to be void because the party appearing did not receive advance notice of the hearing. In *Watkins v. Dodson,* 159 Neb. 745, 754, 68 N.W.2d 508, 514 (1955), we said: "Due proc-

ess of law in the most comprehensive sense implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, to be heard by testimony or otherwise, and to have the right of controverting by proof every material fact which bears on the question of right in the matter involved.'' In the instant case the defendant was afforded every opportunity which more formal notice would have granted to it before the board of appraisers. It was aware of the hearing and in fact appeared. It presented evidence and made argument and, most important of all, it was still afforded the opportunity of appealing the decision of the board of appraisers to the District Court where the proceedings would be de novo. See Neb. Rev. Stat. §§ 76-715 to 76-717 (Reissue 1981). The defendant has failed to show us how it was denied due process of law under the factual circumstances in this case. Where one appears before an administrative body and presents evidence or makes argument, the party so appearing cannot thereafter claim a denial of due process solely on the ground that proper notice of the hearing was not given. After appearing at the hearing the party is deemed to have waived any objection with regard to the matter of notice.

The action of the District Court in remanding the proceedings to the county court for further proceedings was erroneous. The order of June 22, 1982, is vacated and the case remanded for further proceedings in the District Court.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.